# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TIEDRICE HOLLAND,<br><br>      Plaintiff,<br>v.<br><br>MILWAUKEE COUNTY, HOUSE OF CORRECTION, LT. MILIACCA, OFFICER B. SINGH, and NURSE STEVEN,<br><br>      Defendants. | Case No. 17-CV-785-NJ-JPS<br><br>**ORDER** |

  The *pro se* plaintiff, Tiedrice Holland, is confined at the Milwaukee County House of Correction. On August 7, 2017, Magistrate Judge Nancy Joseph screened his civil rights complaint in which he alleged that defendant Lt. Miliacca made him lay on his back on a metal locker. Magistrate Judge Joseph determined that the complaint did not state a claim but directed that if Holland filed an amended complaint providing more details about his claim, the Court would reevaluate whether he stated a claim. Holland has filed an amended complaint which the Court will now screen under 28 U.S.C. § 1915A.

  This case is currently assigned to Magistrate Joseph. However, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was referred to this Court for the limited purpose of screening the complaint. The case will be returned to Magistrate Joseph after entry of this order.

  The Court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a

governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

The plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The factual content of the complaint must allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678.

Federal courts follow the two-step analysis set forth in *Twombly* to determine whether a complaint states a claim. *Id*. at 679. First, the Court determines whether the plaintiff's legal conclusions are supported by factual allegations. *Id*. Legal conclusions not supported by facts "are not entitled to the assumption of truth." *Id*. Second, the Court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." *Id*. The Court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

As directed, the plaintiff's amended complaint provides more details about the incident. Specifically, he alleges that Lt. Miliacca saw him sitting in his bunk area on his locker and sarcastically asked him if his locker was his bed. Lt. Miliacca asked C.O. Singh where he had directed the plaintiff to be, and Singh replied on the bed. The plaintiff asserts that this is untrue. Lt. Miliacca asked the plaintiff if he knew the difference between a bed and a locker, and stated that he needed to learn the difference. Lt. Miliacca then instructed the plaintiff to lay flat on his locker, which is about two feet high and three to four feet long, made of metal and very uncomfortable. The plaintiff followed the direction so that he would not be taken to segregation. As he laid flat on his back on the locker, he pulled his back and he also suffered a "slip disk or whatever in my neck because of laying back on the locker trying to balance my weight and head from falling and the getting up I almost fell [sic]." (Docket #10 at 3). When the plaintiff could not stand the pain any longer he sat up and Lt. Miliacca told him to lie down again.

After pulling his back and neck, C.O. Singh would not allow the nurse to see the plaintiff even though C.O. Singh could see he was in pain. The pain lasted one week and the plaintiff is still receiving treatment. The plaintiff eventually saw the nurse.

Based on the plaintiff's new allegations and construed liberally, the Court finds that he states a deliberate indifference claim against Lt. Miliacca for subjecting him to a substantial risk of serious harm by making him lay on his locker and continue to lay on the locker after he was injured. *See Hope v. Pelzer*, 536 U.S. 730, 737-38 (2002). At this stage, the plaintiff may also proceed on a deliberate indifference claim against C.O. Singh for taking part in the incident and also for not allowing the plaintiff

to see the nurse after he was injured. *See Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011).

However, the plaintiff does not state a claim against Milwaukee County because he does not allege that the incident was the result of an official policy or custom. *See Chatham v. Davis*, 839 F.3d 679, 685 (7th Cir. 2016). The plaintiff also does not state a claim against the House of Correction because he may not sue the entity under Section 1983. *See Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). Lastly, he may not proceed against Nurse Steven because he does not allege that Nurse Steven was in any way involved in violating his rights. *See Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Accordingly,

**IT IS ORDERED** that defendants Milwaukee County, House of Correction, and Nurse Steven be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this court, copies of plaintiff's amended complaint and this order are being electronically sent today to Milwaukee County for service on the Milwaukee County defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this court, the defendants shall file a responsive pleading to the amended complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions; and

**IT IS FURTHER ORDERED** that this case be **RETURNED** to United States Magistrate Judge Nancy Joseph for further proceedings.

Dated at Milwaukee, Wisconsin, this 15th day of November, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge