# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TIEDRICE HOLLAND,**

    **Plaintiff,**

    **v.**                            **Case No. 17-cv-785**

**GREGG MILIACCA, et al.,**

    **Defendants.**

---

## DECISION AND ORDER ON DEFENDANTS' MOTION TO COMPEL AND MOTION TO EXTEND DISCOVERY AND DISPOSITIVE MOTION DEADLINES

---

Defendants filed a motion to compel discovery responses and a motion to extend the discovery and dispositive motion deadlines. (Docket # 20.) Defendants explain that, on January 24, 2018, they served plaintiff Tiedrice Holland with their First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions. (Docket # 21 at 2.) These discovery requests included a request that Holland execute and return authorizations for the release of his medical records, including those from all correctional facilities. (*Id.*) Holland did not timely respond to defendants' requests, so, on March 12, 2018, they mailed a letter to Holland, reminding him that his responses were late; they asked him to respond by March 19, 2018. He did not respond, so, on March 20, 2018, they mailed another letter to Holland, asking him to respond by March 26, 2018. Again, Holland did not respond.

When Holland filed his complaint, he was incarcerated at the Milwaukee County House of Corrections. On January 16, 2018, he notified the court that he had been released, and he informed the court of his current contact information. Defendants mailed their

discovery requests and letters to the updated address provided by Holland, so I assume that he received those requests and letters. Holland's failure to respond to defendants suggests that he no longer wants to pursue this case.

If plaintiff *does* want to pursue this case, he must do two things: 1) He must notify the court in writing of his intention to continue litigating this case and confirm his current mailing address; and 2) He must respond to defendants' discovery requests, including executing and returning the authorizations for the release of his medical records. Holland must complete these two tasks by **April 20, 2018**. If he does not, I will dismiss this case with prejudice based on his failure to diligently pursue his case. *See* Civil L.R. 41(c).

In light of Holland's failure to respond to their discovery requests, defendants ask that I extend the deadlines for discovery and the filing of dispositive motions. I will grant defendants' motion.

**NOW, THEREFORE, IT IS ORDERED** that, if Holland wants to continue litigating this case, he must complete the following by **April 20, 2018**: 1) He must notify the court in writing of his intention to continue litigating this case and he must confirm his current mailing address; and 2) He must respond to defendants' discovery requests, including executing and returning the authorizations for the release of his medical records. If Holland does not complete both of these tasks by April 20, 2018, the court will dismiss his case with prejudice and without further notice to him.  If Holland does not want to pursue this case, he does not need to take any further action.

**IT IS FURTHER ORDERED** that defendants' motion to extend the discovery and dispositive motion deadlines (Docket # 20) is **GRANTED**. The parties must complete

discovery by **July 18, 2018**. If a party chooses to file a dispositive motion, it must do so by

**August 20, 2018**.

Dated in Milwaukee, Wisconsin this  3ʳᵈ day of April, 2018.

BY THE COURT:

_s/Nancy Joseph_
NANCY JOSEPH
United States Magistrate Judge